Pearsons *v.* Hamilton.

HIRAM PEARSONS, appellant *v.* RICHARD J. HAMILTON, Commissioner of School Lands for Cook county, appellee.

*Appeal from Cook.*

The statute regulating the amount of interest which a borrower of the school fund shall be subject to pay, as a penalty for not paying the principal and interest punctually, when due, does not authorize a judgment for interest *in futuro,* and it cannot be rendered at common law.

Where, upon the reversal in part of the judgment of the Court below, final judgment can be rendered in this Court, the cause will not be remanded.

*Semble,* That in an action by *scire facias* to foreclose a mortgage to the School Fund, the jury may assess a penalty of twenty per cent. upon the amount of principal and interest, after the mortgage became due, although there is no averment of the penalty in the scire facias.

THIS was a suit by *scire facias* to foreclose a mortgage executed by the appellant to the appellee, for money borrowed of the School Fund of Cook county.

The *scire facias* contained no averment in relation to the rate of interest due on the note secured by the mortgage.

The cause was tried at the May term, 1837, of the Cook Circuit Court, before the Hon. John Pearson and a jury. The jury returned the following verdict:

"We, the jury, find for the plaintiff, the sum of four thousand eight hundred dollars, his debt in the said mortgage mentioned, and four hundred and eighty dollars, damages for the detention of the same for twelve months at ten per cent., and ten hundred and sixty-four dollars and seventy cents the penalty at twenty per cent. for twelve months and three days detention of the same,

(1) Stark. Crim. Plead. 391–395; Hazell's case, Leach 406; Cro. Eliz. 112, 150; 1 Salkeld 47, 53; People *v.* Olcutt, 2 Johns.; Ld. Raym. 1521.

making together the debt and damages the sum of six thousand three hundred and forty-four dollars and seventy cents."

Judgment was rendered upon this verdict, that the plaintiff have and recover of the defendant his debt and damages aforesaid, "with twenty per centum interest per annum thereon, until paid."

On the trial in the Court below, the following bill of exceptions was taken :

" Be it remembered that on the trial of the above entitled cause, the said defendant by his counsel moved the Court to instruct the jury, that the plaintiff is entitled to recover no more than ten per cent. interest, per annum, on the amount of the note and mortgage given in evidence, and the principal, the note and mortgage given in evidence specifying ten per cent. interest only.  And also to instruct the jury, that the plaintiff can only recover the amount of principal and interest alleged in the pleadings, and not twenty per cent. penalty or interest on principal and interest— which said instructions the Court refused to give, and instructed the jury that if they believed from the evidence, that the defendant executed the mortgage and note given in evidence, and failed to pay the same when it became due, that the amount of principal and interest became principal from the time the mortgage became due and payable, and the jury had a right to assess a penalty on principal and interest then being principal, at the rate of twenty per cent. from the time said note and mortgage became due, on said principal.   To which instruction, and to the refusal to give the instructions above prayed for, the defendant by his counsel on the trial of said cause excepted, and prayed the Court for leave to file this his bill of exceptions, which is done in open Court.

JOHN PEARSON.        [L.S.]"

The errors assigned are,

" 1. The said Circuit Court erred in ordering said judgment to bear twenty per cent. interest *in futuro.*

2. The Court erred in instructing the jury that the amount of principal and interest on the mortgage, became principal after it became due, and that they might assess a penalty of twenty per cent. thereon."

T. FORD, for the appellant.

J. YOUNG SCAMMON, for the appellee, cited R. L. 486, § 43 ;(1) R. L. 376, § 18 ;(2) Acts of 1825, 27, § 2 ; as to *Averment,* Prince *v.* Lamb, Breese 299.

SMITH, Justice, delivered the opinion of the Court :

(1) Gale's Stat. 529.        (2) Gale's Stat. 393.

The question presented for the consideration of the Court in this case, is, whether, in an action by a commissioner of the school fund, on a mortgage given by the borrower of a portion of the fund, judgment can be rendered for prospective interest on the amount for which judgment is rendered. The statute regulating the amount of interest which the party who borrows that fund shall be subject to pay, as a penalty for not paying the principal sum and interest punctually, when they become due, does not authorize a judgment for interest prospectively; and it cannot be rendered at common law. The original contract is merged in the judgment; and although, by law, six per centum is allowed for interest on such judgment, this is to be collected under the execution on such judgment, by a special provision of law.

So much of the judgment as gives interest on the amount of the judgment at the rate of "*twenty per cent, until paid*," being clearly erroneous, is reversed, and judgment entered in this Court for the amount of $6,344,70, being the sum for which judgment ought to have been rendered in the Circuit Court. The appellant to recover his costs in that Court.

But as it is competent for this Court to render such judgment as the Court below ought to have rendered, it is therefore considered and ordered, that the said Richard J. Hamilton, Commissioner of School Lands, recover against the said Hiram Pearsons, the sum of six thousand three hundred and forty-four dollars and seventy cents, and that he have execution thereof, &c.

*Judgment reversed in part*, and final judgment rendered in this Court.

*Note.* See case of Hamilton *v.* Wright *et al.*, decided December term, 1839, *Post.*